UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**RONALD E. RICHARDS,**

                          Plaintiff,

v.                                   **Case No. 16-cv-1453-pp**

**SGT. MICHAEL GUTHO,
KELLY SALINAS,
CAPTAIN ANDREW NIELSON,
WARDEN ROBERT HUMPHREYS, and,
KATHY SCHMIDT,**

                          Defendants.
_____

**DECISION AND ORDER
SCREENING THE PLAINTIFF'S COMPLAINT (DKT. NO. 1)**
_____

        The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights at the Kettle Moraine Correctional Institution. Dkt. No. 1. On November 17, 2016, the plaintiff paid the $400.00 civil case filing fee in full. The case is before the court for screening of the plaintiff's complaint.

**II.**     **SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**

        A.     <u>Standard for Screening Complaints</u>

        Regardless of fee status, the Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss an action, or part of it, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be

1

granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal

2

construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  Facts Alleged in the Complaint

On March 22, 2016, Sergeant Michael Gutho worked second shift on Unit 12. Dkt. No. 1 at 3-4. At approximately 2:45 p.m., Gutho sorted mail while the plaintiff was away from his cell. Id. at 4. The plaintiff states that "when Sgt. Gutho ran accross [sic] a letter addressed to the plaintiff, he not only cut the tape that secures the contents in the envelope, but he read the letter." Id. The plaintiff further explains that mailroom staff typically place a piece of tape across the envelope after they have already "opened [and] inspected" the mail. Id. at 3.

After reading the letter, Gutho took the letter outside to the courtyard and told several inmates "exactly what he read in the plaintiff's letter." Id. at 4. Gutho then went to the plaintiff's room and performed a room search. Id. Gutho left the letter he had read with several other letters that were already in the plaintiff's cell from before the search. Id. The plaintiff believes that Gutho was "trying to conceal the letter at that point, possibly covering up what he had done." Id. at 4-5.

Three days later, the plaintiff approached Sergeant Schue and explained what had happened. Id. at 5. As a result of the conversation with Schue, the plaintiff wrote to Captain Andrew Nielson and Warden Robert Humphreys, and he filed an inmate grievance. Id. Kathy Schmidt responded to the inmate grievance, stating that "the matter was resolved during the investigation." Id.

3

The plaintiff states that "there wasn't one person that spoke to the plaintiff" regarding the incident. Id. For relief, the plaintiff seeks monetary damages and injunctive relief "to stop opening outgoing mail to check for art work such as pictures, cards, etc." Id. at 6.

C. Legal Analysis of Alleged Facts

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). The plaintiff states that he believes his "rights were deeply violated" (Dkt. No. 1 at 6), but he does not clearly identify which constitutional rights he believes are involved.

Under the First Amendment, prisoners have a right to be free from interference with their "legal" mail. See Wolff v. McDonnell, 418 U.S. 539, 577 (1974). Prison officials may inspect, but may not read, certain types of legal mail. Id. For example, correspondence between an inmate and an attorney is confidential. Id. Thus, prison officials may not read the contents of legal mail, and they must open such correspondence in the presence of the inmate. Id.

Inspection of personal mail, on the other hand, is a legitimate prison practice that is justified by the important governmental interest in prison security. Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir. 1986). Prison officials can read non-privileged mail, on a "spot check" basis, in order to detect

4

possible escape plans or other threats to jail security. Id. (citing Smith v. Shimp, 562 F.2d 423 (7th Cir. 1977). Interference with an inmate's personal mail, beyond that of inspection for contraband, must be reasonably related to legitimate prison interests in security and order. See Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989)(citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

The plaintiff claims that Gutho read a letter that was addressed to the plaintiff, and that he went to the courtyard and told other inmates what the letter said. The plaintiff acknowledges that prison staff can "open and inspect" non-legal mail out of the presence of inmates, and he does not allege that this letter was legal mail; the court assumes that it was personal mail.

The plaintiff believes, however, that mailroom staff already had inspected his personal mail for contraband, because there was a piece of tape across the envelope that had been cut off. If this is true, Gutho would not have had any reason to read this letter, or for that matter, share its contents with other inmates. The plaintiff received his letter within three days (he filed a grievance on the incident on March 25, 2016), and therefore, Gutho did not deny the plaintiff access to his mail. Despite the slim facts, however, at this stage of the litigation, the court will allow the plaintiff to proceed with a First Amendment interference-with-mail claim against Gutho.

To the extent that plaintiff seeks to assert a "right to privacy" claim under the Fourteenth Amendment, he may not do so, because he does not have an expectation of privacy in this context. See Shields v. Burge, 874 F.2d 1201, 1211 (7th Cir. 1989) ("the constitutional right to privacy applies only to

5

'fundamental' rights that are 'implicit in the concept of ordered liberty'") (quoting Roe v. Wade, 410 U.S. 113, 152 (1973).

Nor will the court allow the plaintiff to proceed with claims against Salinas, Nielson, Humphreys or Schmidt. The plaintiff alleges no facts at all against Salinas. Neither Nielson, Humphreys or Schmidt were personally involved in the incident, and they had no duty to intervene once the plaintiff filed a grievance, because he filed the grievance after the alleged injury had occurred. The court will dismiss these three defendants from the case.

### III. CONCLUSION

The court **ORDERS** that Kelly Salinas, Captain Andrew Nielson, Warden Robert Humphreys, and Kathy Schmidt are dismissed from the case.

The court **ORDERS** that the plaintiff may proceed on a First Amendment interference-with-mail claim against Gutho.

The court **ORDERS** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will send copies of the plaintiff's complaint and this order electronically to the Wisconsin Department of Justice for service on Sgt. Michael Gutho.

The court **ORDERS** that, pursuant to the informal service agreement between the Wisconsin department of Justice and this court, Sgt. Michael Gutho shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

6

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because the clerk of court will scan and enter each filing onto the docket electronically upon receipt, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to make a timely submission may result in the dismissal of the case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 19th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

7