UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD E. RICHARDS,

       Plaintiff,

v.               Case No. 16-cv-1453-pp

SGT. MICHAEL GUTHO,

       Defendant.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT (DKT. NO. 31)**

---

  On February 2, 2018, the court granted the defendant's motion for judgment on the pleadings and dismissed the case for failure to state a claim. Dkt. No. 27. Specifically, the court concluded that, even accepting every one of the plaintiff's factual assertions as true, he had failed to state a claim for relief under the First Amendment because he alleged only an isolated, non-content-based disruption of his mail. Id. at 8. The plaintiff did not allege the kind of repeated pattern of occurrences required to state an interference-with-mail claim under the First Amendment. Id.

  On February 26, 2018, the court received from the plaintiff a motion to alter or amend the judgment. Dkt. No. 31. First, the plaintiff explained that it was not his intent to convert the defendant's motion for judgment on the pleadings into a motion for summary judgment. Id. at 1. He indicated that he is not educated in the field of law and cannot be expected to fully understand the law. Id.

1

The plaintiff appears to have misunderstood a portion of the court's decision and order. In the beginning of the decision and order, the court noted that the plaintiff inappropriately had filed a number of attachments to his response to the defendant's motion for judgment on the pleadings. Dkt. No. 27 at 3. The reason the court mentioned the plaintiff's error was because the defendant had asked that, if the court was going to consider the plaintiff's attachments, the court allow *the defendant* to file a motion for summary judgment. Id. The court meant to tell the defendant that it was *not* going to review the plaintiff's attachments, and therefore that there was no need for the court to convert the motion for judgment on the pleadings into a motion for summary judgment. Id. In other words, the court did not convert the defendant's motion for judgment on the pleadings into a motion for summary judgment. The court looked only at the four corners of the plaintiff's complaint, and concluded that the plaintiff failed to state a claim.

Next, the plaintiff repeated some of the arguments that he made earlier. He again objected to the fact that, even though the mail room already had inspected his mail, Gutho opened it, read it and told other inmates what it said. Dkt. No. 31 at 3. The plaintiff argued that other officers told him that inmate mail should not be left in an inmate's cell if the inmate isn't there, and that Gutho should have handed the mail (which was personal) directly to the plaintiff. Id. The plaintiff points to all the facts surrounding Gutho's opening and reading of this particular piece of mail, and asserts that "[e]verything that happened with the plaintiff's mail points towards a 'cover up' and the

defendant trying to conceal what he had done in respect to the plaintiff's mail in reference to the cell search etc." Id. at 4. The plaintiff opined that it seemed "odd" that Gutho would conduct a cell search while delivering his mail. Id. Based on these arguments, the plaintiff asserts that he did state a claim, and he asks the court to alter or amend its dismissal of the case under Federal Rule of Civil Procedure 59(e).

Rule 59(e) requires a party to file a motion to alter or amend a judgment within twenty-eight days after the judgment is entered. The plaintiff timely filed his motion; the court received it twenty-four days after it entered judgment. "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life. Ins. V. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not presented any newly-discovered evidence. Nor has he demonstrated that the court's order finding that he did not state a claim constituted a manifest error of law or fact. The plaintiff continues to assert that, on a single occasion, Gutho opened a piece of his mail. No matter how many details the plaintiff provides about this incident, one incident, standing

3

alone, is not enough to show a pattern of interference under the First Amendment. The plaintiff speculates that Gutho was trying to cover something up, but that is all it is—speculation. Speculation does not show a manifest error of law or fact.

Because the plaintiff has not met the Rule 59(e) standard, the court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 18th day of April, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**